Hon. Mary Jo Heston
Chapter 11
Tacoma

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | NO. 23-41650 |
| SCOTT J. EDWARDS, | **REPLY TO OBJECTION OF KIMBERLY EDWARDS TO THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN** |
| Debtor. | |

The Debtor, Scott J. Edwards ("Debtor") hereby submits this reply ("Reply") to the *Objection to Combined Disclosure Statement and Chapter 11 Plan of Reorganization* ("Objection") filed by Kimberly Edwards ("KE") and in support of the Debtor's *1ˢᵗ Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization* (the "Plan").[1]

**I.      INTRODUCTION**

The Plan provides for payment in full of <u>all</u> creditors, satisfies applicable bankruptcy law, and should be confirmed. Pursuant to the Plan, the Debtor has committed to pay all creditors in full less

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Plan.

PRE-CONFIRMATION REPORT - PAGE 1 OF 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 23-41650-MJH    Doc 192    Filed 05/24/24    Ent. 05/24/24 16:09:29    Pg. 1 of 9

than three (3) years from the Effective Date using all available resources, including any and all postpetition income. Moreover, the liquidation analysis attached to the Plan establishes that creditors will recover more under the terms of the Plan that they would in a Chapter 7 proceeding. While KE, the Debtor's ex-wife, has submitted a lengthy Objection to the Plan, she has failed to set forth good cause to deny confirmation of the Plan. The Objection is a self-serving attack on the Plan, with its ultimate objective to require the liquidation of the Debtor's assets as fast as possible—regardless of market conditions or other circumstances—to the detriment of all the other creditors who have voted to accept the Plan. This is evidenced by the fact that KE's claim is secured by a deed of trust in real property, which security interest remains intact under the Plan. Accordingly, there is little risk that the obligations owed to KE will go unpaid. Rather, KE seeks to thwart confirmation of the Plan solely to pursue KE's own parochial interest of obtaining a faster recovery—at the expense of all other creditors.

Moreover, KE's claims of inadequate disclosure are meritless. The Plan contains adequate disclosures to enable creditors to determine whether to vote in favor of the Plan, as evidenced by the fact that the only party that has objected to the adequacy of the disclosures in the Plan is KE, and the majority of the Debtor's creditors have actually submitted a vote in favor of the Plan. Moreover, the Debtor has informally provided additional documentation to KE. Further, KE has never sought formal discovery in this case or previously requested additional information about the Debtor's assets.

### A. The Plan Complies with Applicable Requirements of 1129(a).

1129(a) of the Bankruptcy Code provides that a court may confirm a plan only if all requirements of Section 1129 are met, including that "[t]he plan complies with the applicable provisions of this title." 11 U.S.C. §1129(a)(1). The legislative history of Section 1129(a)(1) explains that this provision incorporates the requirements of Sections 1122 and 1123, which govern classifications of claims and interests and the contents of a plan of reorganization. H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 95-989, 9th Cong., 2d Sess. 126 (1978); 7 COLLIER ON BANKRUPTCY, ¶ 1129.03[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

In order to confirm the Plan, the Court must find by a preponderance of the evidence that both the Plan and the Debtor complied with all of the applicable provisions of title 11 and that the Plan has been proposed in good faith.  *See* 11 U.S.C. §1129; *see also In re Arnold & Baker Farms*, 177 B.R. 648, 654 (B.A.P. 9th Cir. 1994), *aff'd on other grounds*, 85 F.3d 1415 (9th Cir. 1996).  For the reasons set forth below (and as set forth in the Pre-Confirmation Report), the Plan satisfies all of the applicable statutory requirements.

Section 1129(a)(1) of the Bankruptcy Code requires that a plan comply with the applicable provisions of title 11.  The most important of these provisions are set forth in 11 U.S.C. §§1122 and 1123. Section 1122(a) of the Bankruptcy Code provides that a "plan may place a claim or interest in a particular class only if such a claim or interest is substantially similar to other claims or interests in such class."  Here, only claims that are substantially similar are classified together. *See* Plan, Article VII.

Section 1123(a) of the Bankruptcy Code sets forth certain requirements for the contents of a chapter 11 plan.  As explained below, the Plan fully complies with these requirements and, therefore, satisfies 11 U.S.C. §1123(a). Section 1123(a)(1) of the Bankruptcy Code requires that a plan designate classes of claims other than claims of a kind specified in §507(a)(2) (administrative expense claims), §507(a)(3) (claims arising during the "gap period" in an involuntary case), and §507(a)(8) (priority tax claims), and classes of interests.  The Plan complies with §1123(a)(1) by expressly classifying all claims other than administrative claims and priority tax claims.  *See* Plan, Article VII.

Section 1123(a)(2) of the Bankruptcy Code requires that a plan "specify any class of claims or interests that is not impaired under the plan."  The Plan complies with this section by indicating that Classes 4A and 5 are not impaired.  *See* Plan, Section VII.  Section 1123(a)(3) of the Bankruptcy Code requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan."  The Plan complies with this section as it specifies in detail the treatment provided for each Class that is impaired under the Plan, *See* Plan, Article VII.

Section 1123(a)(4) of the Bankruptcy Code requires that a plan "provide for the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest."  As can be seen from a review of the Plan, the

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

treatment provided to each claim within a particular Class is the same. *See* Plan, Article VII. Accordingly, the Plan satisfies §1123(a)(4).

Section 1123(a)(5) requires that a plan "provide adequate means for the plan's implementation," such as retention by the debtor of all or any part of the property of the estate, transfer of all or any part of the property of the estate to one or more entities, whether organized before or after confirmation of such plan, satisfaction or modification of any lien, sale of all or any party of the property of the estate, either subject to or free of any lien, and satisfaction or modification of any lien. Article IX of the Plan satisfies §1123(a)(5) by setting forth the means for the Plan's implementation. More specifically, the Plan states that the Plan will be funded from: (a) cash on hand, (b) revenue generated by the Debtor, and (c) the sale of certain assets. Attached to the Plan are projections for the Plan (the "Plan Projections") prepared by Debtor that establishes his ability to make the Plan payments.

As shown by the foregoing analysis, the Plan satisfies the mandatory requirements of 11 U.S.C. §§1122, 1123. Hence, the Plan complies with the threshold requirements of 11 U.S.C. §1129(a)(1).

### B. The Debtor Has Presented Sufficient Evidence of Feasibility.

To establish feasibility in the Ninth Circuit, a debtor must demonstrate that the plan has a "reasonable probability of success" *In re Curiel*, 651 B.R. 548, 560 (B.A.P. 9th Cir. 2023). However, a debtor need not prove that "success is inevitable." *Id*. Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of a plan is not likely to be followed by the liquidation of the debtor or the further reorganization of the debtor, unless such liquidation or reorganization is contemplated by the plan. The standard for determining feasibility is whether the plan offers a reasonable assurance of success; success does not need to be guaranteed. *See Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 787 F.2d 1352, 1364-65 (9th Cir. 1986); *see also Johns-Manville*, 843 F.2d at 649; *In re T-H New Orleans, L.P.*, 116 F.3d 790, 801 (5th Cir. 1997); *In re Henke*, 90 B.R. 451, 456 (Bankr. D. Mont. 1988)("Guaranteed success in the stiff winds of commerce without the protection of the Code is not the standard under 1129(a)(11). Most Debtors emerge from reorganization with a significant handicap.").

The purpose of Section 1129(a)(11) "is to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after

PRE-CONFIRMATION REPORT - PAGE 1 OF 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 23-41650-MJH    Doc 192    Filed 05/24/24    Ent. 05/24/24 16:09:29    Pg. 4 of 9

confirmation." *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (internal quotation marks and citations omitted).

Courts evaluating feasibility should look at the totality of the circumstances in order to determine whether the plan fulfills the requirements of Section 1129(a)(11) but "only a relatively low threshold of proof [is] necessary to satisfy the feasibility requirements." *In re Sagewood Manor Assocs. L.P.*, 223 B.R. 756, 762-63 (Bankr. D. Nev. 1998) (citations and internal quotation marks omitted) (alteration in original); *In re Trenton Ridge Invs., LLC*, 461 B.R. 440, 479 (Bankr. S.D. Ohio 2011) ( "[A] relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility").

Feasibility has two distinct aspects: the Debtor's ability to make payments due on the Effective Date and (2) the Debtor's ability to make payments over the life of the Plan. *In re Art & Architecture Books of the 21st Century, Corp.*, Case No. 2:13-bk-14135-RK, 2016 WL 1118743, *20 (Bankr. C.D. Cal. 2016). The debtor must demonstrate that the plan has a reasonable probability of success by showing that "the things which are to be done after confirmation can be done as a practical matter under the facts." *In re Alaska Fur Gallery, Inc.*, 2011 WL 4904425 at *8 (*quoting In re Jorgensen*, 66 B.R. 104, 108 (B.A.P. 9th Cir. 1986)).

It important to the note that a Debtor's failure to meet its projections does not render a plan infeasible. "The issue regarding feasibility and whether a debtor's projections are reasonable is not whether the success of the plan can be guaranteed." *In re Am. Trailer & Storage, Inc*., 419 B.R. 412, 422–23 (Bankr. W.D. Mo. 2009) (overruling a feasibility objection based upon debtor's failure to meet projections citing to debtor's ability to pay post-petition expenses). *In re EAS Graceland, LLC*, *supra*, (noting that, in analyzing feasibility, failure to meet projections during pandemic should be balanced against debtor's successful income generation and timely payment of adequate protection payments); *In re Hopwood*, 124 B.R. 82, 86 (E.D. Mo. 1991) (rejecting feasibility objection where projections were optimistic but "not so unrealistic to be clearly erroneous)."). Further, a debtor's poor performance during a unique period of uncertainty is not indicative of its ability to successfully reorganize. *In re Orange Cnty. Bail Bonds, Inc*., 638 B.R. 137, 148 (B.A.P. 9th Cir. 2022) (finding that a debtor's optimistic projections credible notwithstanding its recent poor performance as a result of the pandemic and regulatory changes). Numerous courts have relied on the

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

testimony of an owner or officer of a business regarding the value or projected profits of the estate in the context of litigation. *In re Palmdale Hills Prop.,* LLC, 577 B.R. 858, 866 (Bankr. C.D. Cal. 2017).

In this case, the Debtor has provided sufficient evidence to establish a reasonable assurance of his success. The Debtor's financial struggles are documented and directly related to litigation that has since been settled. Accordingly, the Debtor's cash flow will be sufficient to meet its remaining obligations under the Plan.

### C. The Plan Is Proposed in Good Faith as Required by 11 U.S.C. §1129(a)(3).

Section 1129(a)(3) of the Bankruptcy Code mandates that a plan be proposed "in good faith and not by any means forbidden by law." Section 1129(a)(3) of the Bankruptcy Code does not define good faith in the context of proposing a plan of reorganization, however, the Ninth Circuit has held that "[a] plan is proposed in good faith where it achieves a result consistent with the objectives and purposes of the Code." *See In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002) (citations omitted); *accord Ryan v. Louis (In re Corey)*, 892 F.2d 829, 835 (9th Cir. 1989); *Stolrow v. Stolrow's, Inc. (In re Stolrow's Inc.)*, 84 B.R. 167, 172 (B.A.P. 9th Cir. 1988). The good faith standard requires a showing that the plan was proposed with "honesty and good intentions." *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988). A chapter 11 plan is filed in good faith if the plan proponent has exhibited "a fundamental fairness in dealing with one's creditors." *Stolrow's*, 84 B.R. at 172. Good faith is viewed under the totality of the circumstances. *Sylmar*, 314 F.3d at 1074.

The Supreme Court has identified two of the basic purposes of Chapter 11 as (1) "preserving going concerns," and (2) "maximizing property available to satisfy creditors." *See Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999*); In re EAS Graceland, LLC,* No. 20-24484, 2021 WL 10395821, at *4 (Bankr. W.D. Tenn. July 20, 2021) (A plan is proposed in good faith where debtor files its plan to preserve the business as a going concern and maximize the value of its estate).

In this case, the circumstances establish that the Debtor has proposed the Plan in good faith. As detailed above, the Plan provides for distributions to creditors in accordance with the Bankruptcy Code's priority scheme, and there are no classes of equal priority that will be receiving differential treatment. Hence,

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

the Plan's classification structure does not unfairly discriminate within classes or between classes. The Plan fosters a result consistent with two of the Bankruptcy Code's primary objectives: reorganization and value maximization.[2]

In addition, the Plan was proposed, and its confirmation pursued, with honesty, good intentions, and a reasonable hope of success. Whether a plan is proposed for honest and good reasons depends on "whether the debtor intended to abuse the judicial process, whether the plan was proposed for ulterior motives, or if no realistic probability for effective reorganization exists."[3] Here, the Debtor filed this case with the legitimate and honest purposes of maximizing the value of the Estate and effectuating a comprehensive restructuring, thereby maximizing the recovery for all creditors. The Plan offers the Debtor the best chance to effectively reorganize and achieve this goal. Accordingly, the Debtor submits that the terms and conditions of the Plan are fundamentally fair and reasonable under the circumstances of this case, and as such, it complies with Bankruptcy Code §1129(a)(3).

### D. The Plan Should Be Confirmed Over KE's Objection (1129(b)(2)(A))

#### 1. The Plan Is Fair and Equitable

To comply with this parameter, the debtor must allow secured creditors to retain their liens and provide for payments in an amount equal to the present value of the secured creditor's claim. 1129(b)(2)(A).

Here, as is made clear in the Plan, the Debtor has provided for the payment in full of KE's claim, per the terms of the Chase and Nationstar loan documents, and she is retaining her lien on the Debtor's residence.

---

[2] *See W.R. Grace & Co.*, 475 B.R. at 88 ("The Supreme Court of the United States has specifically identified two purposes of Chapter 11 as: (1) preserving going concerns; and (2) maximizing property available to satisfy creditors." (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship* (*In re LaSalle*), 526 U.S. 434, 453 (1999))).

[3] *W.R. Grace & Co.*, 475 B.R. at 88 (citation omitted).

PRE-CONFIRMATION REPORT - PAGE 1 OF 6

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 23-41650-MJH    Doc 192    Filed 05/24/24    Ent. 05/24/24 16:09:29    Pg. 7 of 9

## 2. The Plan Does Not Unfairly Discriminate

Section 1129(b)(1) of the Bankruptcy Code provides that, if all applicable requirements of section 1129(a) of the Bankruptcy Code are met other than section 1129(a)(8) of the Bankruptcy Code, a plan may be confirmed so long as the requirements set forth in section 1129(b) of the Bankruptcy Code are satisfied. Section 1129(a)(8) is not satisfied. Nevertheless, as discussed more fully above and below, the Plan may nevertheless be confirmed because the Debtor has satisfied section 1129(a)(10) of the Bankruptcy Code—at least one impaired Class accepted the Plan—and section 1129(b), which allows the Debtor to "cram down" any rejecting classes under certain conditions that are satisfied here. To confirm a plan that has not been accepted by all impaired Classes (thereby failing to satisfy section 1129(a)(8) of the Bankruptcy Code), the plan proponent must show that the plan does not "discriminate unfairly" and is "fair and equitable" with respect to the non-accepting impaired Class.[4]

*The Plan Does Not Discriminate Unfairly*. The Plan does not discriminate unfairly with respect to Class 3. The Bankruptcy Code does not provide a standard for determining when "unfair discrimination" exists.[5] Rather, courts typically examine the facts and circumstances of the particular case to determine whether unfair discrimination exists.[6] At a minimum, however, the unfair discrimination standard prevents

---

[4] *John Hancock*, 987 F.2d at 157 n.5; *In re Ambanc La Mesa L.P.*, 115 F.3d 650, 653 (9th Cir. 1997) ("the [p]lan satisfies the 'cramdown' alternative . . . found in 11 U.S.C. § 1129(b), which requires that the [p]lan 'does not discriminate unfairly' against and 'is fair and equitable' towards each impaired class that has not accepted the [p]lan.").

[5] *See In re 203 N. LaSalle St. L.P.*, 190 B.R. 567, 585 (Bankr. N.D. Ill. 1995) (noting "the lack of any clear standard for determining the fairness of a discrimination in the treatment of classes under a Chapter 11 plan" and that "the limits of fairness in this context have not been established"), *rev'd on other grounds sub nom. Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434 (1999).

[6] *See In re Carlson*, 276 B.R. 653, 658 (Bankr. D. Montana 2002) (explaining that whether or not a plan does [unfairly] discriminate is to be determined on a "case-by-case basis"); *In re Sylmar Plaza*, L.P., 314 F.3d 1070, 1075 (9th Cir. 2002)("[B]ankruptcy courts should determine a debtor's good faith on a case-by-case basis, taking into account the particular features of each ... plan.")

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

creditors and interest holders with similar legal rights from receiving materially different treatment under a proposed plan without compelling justifications for doing so.[7] In other words, section 1129(b)(1) does not prohibit discrimination between classes; it prohibits only discrimination that is unfair.[8] Accordingly, between two classes of claims or two classes of interests, there is no unfair discrimination if (a) the claims or interests in each such class are dissimilar from those in the other class,[9] or (b) taking into account the particular facts and circumstances of the case, there is a reasonable basis for disparate treatment of otherwise similar claims or interests.[10] Here, no Class is similarly situated to another Class, given their distinctly different legal character from all other Claims and Interests. The unfair discrimination prong of the cramdown test is thus satisfied.

*The Plan Is Fair and Equitable with Respect to the Rejecting Class*. Sections 1129(b)(2)(A). The Debtor believes that the Plan meets the requirements of §1129(b)(2)(A) for being fair and equitable to Class 3. The Debtor is contributing his post-petition income to fund the Plan and paying the obligations in full as soon as is practicable. Specifically, KE is retaining her lien and the obligations that form the basis of her claim will be paid in full per the Plan in accordance with the stipulations with Chase and Nationstar.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court overrule KE's Objection and enter an order confirming the Plan.

DATED May 24, 2024.

WENOKUR RIORDAN PLLC

*/s/ Faye C. Rasch*
Faye C. Rasch, WSBA 50491
Attorney for Debtor

---

[7] *See In re Ambanc La Mesa L.P.*, 115 F.3d 650, 654-55 (9th Cir. 1997); *In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994)

[8] *In re Islet Scis., Inc*., 640 B.R. 425, 487 (Bankr. D. Nev. 2022).

[9] *See, e.g., Id.*

[10] *See, e.g.*, *In re Rexford Properties LLC, 558 B.R. 352, 365 (Bankr. C.D. Cal. 2016)*).

WENOKUR RIORDAN PLLC
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)